**Mkrtich Andranik SARGSYAN;
et al., Petitioners,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–73147.
Agency Nos. A75–676–113, A75–676–110, A78–528–835.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 13, 2004.

Mkrtich Andranik Sargsyan, Van Nuys, CA, pro se.

Karine Badalyan, Van Nuys, CA, pro se.

Martin Sarksian, Van Nuys, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM**

Mkrtich Andranik Sargsyan, his wife Karine Badalyan, and their son, natives and citizens of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will reverse only if the evidence compels a contrary conclusion. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). We deny the petition.

[1] Substantial evidence supports the BIA's determination that the events the petitioners described do not rise to the level of persecution. *See id.* at 1431 (explaining that persecution is an extreme concept and a showing of discrimination is insufficient). The isolated events occurring over a period of several years that the petitioners contend were a result of Badalyan's mixed-ethnicity do not compel a finding of past persecution. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995).

Furthermore, although the petitioners have a subjective fear of returning to Armenia, substantial evidence supports the BIA's determination that they failed to demonstrate a reasonable basis for their fear, especially given that the petitioners were able to live safely with relatives prior to coming to the United States. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir.2003). Because the petitioners failed to demonstrate that they were eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Ghaly*, 58 F.3d at 1429.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

